IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EYONE O. WILLIAMS,**

        Petitioner,

v.                                                          Civil Action No. 2:07cv72
                                                                (Judge Maxwell)

**JOYCE FRANCIS, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this action on September 14, 2007, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the United States Parole Commission ("the Commission") improperly calculated his parole guideline range. On November 8, 2007, the respondent filed a response to the petition requesting that the petition be denied. The petitioner filed his reply on November 27, 2007. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

### II. Factual and Procedural Background

On August 31, 1994, the Superior Court of the District of Columbia sentenced the petitioner to a 15-year to life term for second degree murder while armed. Resp't Ex. 1. The petitioner first became eligible for parole on June 10, 2005. Resp't Ex. 2. Consequently, on November 16, 2004, the Commission conducted the petitioner's initial parole hearing. Resp't Ex. 3. At that hearing, the hearing examiner, Joseph Pacholski, examined the petitioner's offense, criminal history, record of institutional conduct and record of program performance. The examiner noted that the petitioner's

institutional record showed several disciplinary reports: (1) threatening conduct and lack of cooperation; (2) lack of cooperation; (3) creating a health, safety or fire hazard; (4) creating a disturbance and creating a fire hazard; and (5) possession of anything not authorized. Resp't Ex. 5.

In determining the petitioner's parole guideline range, the hearing examiner discounted the petitioner's disciplinary report for possession of unauthorized material.[1] However, the hearing examiner found that the petitioner's two misconducts for creating a fire hazard were arsons within the prison and that each infraction warranted a sanction of 52-64 months. The hearing examiner also sanctioned the petitioner 0-2 months for his other violations. Thus, in total, the hearing examiner recommended that the petitioner be sanctioned 104-132 additional months for negative institutional conduct. Resp't Ex. 4 at 1-2. Nevertheless, the hearing examiner also found that the petitioner had shown superior program achievement and recommended a reduction of 12 months in his total guideline range for that achievement. Id. at 2. Finally, the hearing examiner recommended the Commission continue the petitioner to a five-year reconsideration date. Id. at 3. The Commission concurred with the recommendations of the hearing examiner, denied the petitioner parole, and continued him to a five-year reconsideration in November of 2009. Resp't Ex. 7.

### III. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner asserts the following grounds for relief:

(1) The Commission unlawfully added 104-132 months to his total guideline range by incorrectly rating two minor District of Columbia Department of Corrections disciplinary reports as new criminal conduct.

---

[1] The report charged that the petitioner possessed more postage stamps than authorized. Resp't Ex. 5.

(2) The Commission abused its discretion by unlawfully disregarding its own rule and not awarding petitioner the full reduction of time for Superior Program Achievement.

(3) The Commission unlawfully penalized petitioner for offenses for which he was found not guilty.

(4) The Commission unlawfully used incomplete files and records with no proof that the petitioner was awarded due process.

**B.  The Respondent's Response**

In response to the petitioner's claims, the respondent seeks denial of the petition for the following reasons:

(1) Judicial review of parole decisions are limited.

(2) The Commission is not bound to follow the regulations of the D.C. Department of Corrections in making parole release decisions.

(3) The Commission has already corrected any mistake as to its award of superior program achievement and the Court is therefore, unable to provide any further relief as to this claim.

(4) The petitioner cannot show that he was prejudiced by the Commission's use of rule infractions for which he was found not guilty.

(5) The record shows that there is some evidence which supports the Commission's determinations.

(6) The petitioner fails to show how the records utilized by the Commission were inaccurate or incomplete.

**C.  The Petitioner's Reply**

In his reply, the petitioner asserts that the Court can review decisions of the Parole Commission. In addition, the petitioner reasserts his claim that the Commission improperly considered two minor offense disciplinary reports to calculate his guideline range. The petitioner also challenges the respondent's assertion that the Commission is not bound by the D.C. Department of Corrections regulations. Moreover, the petitioner asserts that he was prejudiced by the

Commission's use of infractions for which he was found not guilty and that he has shown that the records the Commission relied on were incomplete. Accordingly, the petitioner requests that his petition be granted.

## IV. Analysis

### A. Ground One - Adding 104-132 Months to Petitioner's Total Guideline Range

In the petition, the petitioner argues that at his initial parole hearing, there were four disciplinary reports in his file from when he was incarcerated in the D.C. Department of Corrections. According to the petitioner, two of those reports were Class III minor offenses for violating 28 D.C.M.R. § 504.5, creating a health, safety or fire hazard. The petitioner asserts that the hearing examiner abused his discretion by rating the two Class III minor offenses as new criminal conduct by claiming they involved arson. Therefore, the petitioner asserts that the additional 52-64 months added to his total guideline range was improper.

A court cannot review the discretionary decision of the Commission to deny parole under an abuse of discretion standard. Garcia v. Neagle, 660 F. 2d 983, 989 (4th Cir. 1981). Parole decisions are not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." Page v. Pearson, 261 F.Supp.2d 528, 530 (E.D.Va.. 2003). Nonetheless, a district court may review the Commission's decision to determine whether it violates constitutional, statutory, regulatory or other restrictions. Id. See also Gruber v. United States Parole Comm'n, 792 F. Supp. 42 (N.D. W.Va. 1992). Thus, while the Court cannot review the petitioner's claim that the decision of the Commission was arbitrary and capricious, the Court can examine the petitioner's claim that the hearing examiner violated the appropriate regulations.

Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a) ("Revitalization Act"), on August 5, 1998, the United States Parole Commission assumed exclusive jurisdiction over all District of Columbia Code Offenders. See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir. 1998). Although the Revitalization Act requires the Commission to follow District of Columbia parole law and regulations, it also authorizes the Commission to amend or supplement the parole regulations of the District of Columbia. See D.C. Code § 24-131(a)(1). The Commission has exercised this authority at 28 C.F.R. §2.70 - § 2.107.

In this case, the petitioner asserts that the Commission abused its discretion by finding that the two fires he set while in prison constituted the new criminal conduct of arson for which the petitioner was assessed a guideline range of 52-64 months for each offense under 28 C.F.R. § 2.36. And, while the petitioner asserts that this decision violated D.C. parole regulations, the petitioner has failed to show how this decision violated the Commission's own regulations. What this claim amounts to is a disagreement with the Commission over the severity of the petitioner's infractions. However, the Commission's assessment of the severity of the incidents in question is a discretionary judgment. Thus, as long as there is some evidence to support the Commission's decision, that decision is not subject to judicial review. See Simpson v. Ortiz, 995 F.2d 606 (5th Cir. 1993) (Commission's conclusions are given "extreme deference" and are reviewed only to determine whether there is "some evidence" to support the decision); Lewis v. Beeler, 949 F.2d 325 (10th Cir. 1991) (reviewing court need only determine whether information relied on by Commission provides sufficient factual basis for its conclusion); Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir. 1986) (parole decision will stand so long as the basis for it is not fanciful or suppositious). Obviously, it

5

is reasonable for the Commission to find that the petitioner risked the safety of other inmates and staff by setting fires in his cell. Thus, the Commission properly found these incidents of fire starting to be the new criminal conduct of arson. See Maoists v. United States Parole Comm'n, 1993 WL 62413 (D.Kan. Feb 19, 1993) (encouraging inmates to start fires in cellblock is properly rated as the new criminal conduct of attempted arson).

**B.　Ground Two - Reduction for Superior Program Achievement**

In ground two, the petitioner asserts that the hearing examiner found him eligible for a guideline reduction for superior program achievement, but then only reduced his guideline range by 12 months. The petitioner asserts that where superior program achievement is found, the inmate is entitled to a reduction equivalent to one-third the number of months during which the superior programming was achieved. In his case, the petitioner asserts that the hearing examiner based his finding on petitioners' achievements from 1994 to 2004, a period of 10 years. Thus, the petitioner asserts that he should have received a reduction of approximately 40 months.

Pursuant to 28 C.F.R. 2.80(k), "the award for superior program achievement shall be one-third of the number of months during which the prisoner demonstrated superior program achievement." Moreover, at an initial parole hearing, it is presumed that the total number of months is based on the total number of months from the beginning of confinement. § 2.80(k). Therefore, the respondent concedes that the petitioner should have been awarded a 44-month reduction at his initial hearing instead of 12 months. Nonetheless, the respondent asserts that the petitioner is not entitled to relief on this claim because after the filing of the petition, the Commission reopened the petitioner's case, corrected the number of months and amended the petitioner's guideline range to 234-274 months.

6

It is well-established that the only habeas relief available to the petitioner for the stated allegations would be rehearing. See Billiteri v. United States Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976) ("the only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time . . . "). Moreover, the Court is not authorized to grant the petitioner parole and release him. Thus, the Court can no longer grant the petitioner any meaningful relief on this ground under § 2241, as the only available relief has already been granted. Accordingly, ground two is moot and should be dismissed.[2]

C. **Ground Three - Using Disciplinary Reports Where Petitioner was Found Not Guilty**

In ground three, the petitioner asserts that the hearing examiner improperly considered two disciplinary reports. More specifically, the petitioner asserts that he was charged with damage or destruction of property and creating a health, safety or fire hazard. The petitioner was also charged with threatening conduct. The petitioner asserts that the hearing examiner found that the petitioner had been found guilty of these offenses, when in actuality, the petitioner asserts that he was found not guilty of these charges. Therefore, the petitioner asserts that it was improper for the hearing examiner to consider these offenses when calculating his total parole guideline range.

In response to this claim, the respondent concedes that the petitioner was found not guilty of damage or destruction of property and creating a health, safety or fire hazard with respect to his December 1995 incident report, and of threatening conduct with respect to his November 1996 incident report. Response (dckt. 7) at 5. Moreover, the respondent concedes that the hearing

---

[2] Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

7

examiner included references to these charges when listing the petitioner's institutional behavior. Id. However, the respondent also notes that in 1995 the petitioner was found guilty of threatening conduct and lack of cooperation. Id. Moreover, in 1996, the petitioner was found guilty of creating a disturbance and creating a fire hazard. Id. at 5-6. The respondent notes that these violations were also punishable by an additional range of 52-64 months. Id. at 6. Therefore, the respondent asserts that the petitioner cannot establish that he was prejudiced by the hearing examiner's reference to the more serious offenses of arson, when the petitioner could have received the same additional punishment for his other offenses. Id. Without a showing of such prejudice, the respondent asserts that the petitioner is not entitled to relief on this claim. Id.

Because the petitioner was subject to the same sanctions whether the Commission considered his guilty violations or his not guilty violations, the petitioner has failed to establish that he was prejudiced when the hearing examiner noted the violations for which he was found not guilty. Thus, the petitioner is not entitled to relief on this claim. Carter v. Carlson, 545 F.Supp. 1120, 1123 (S.D.W.Va. 1982) (petitioner not entitled to habeas relief where wrong parole grid guideline was used because petitioner would serve same sentence under either grid guideline). Borre v. Garrison, 536 F.Supp. 76 (E.D.Va. 1982) (parole decision should not be disturbed absent showing that petitioner sustained prejudice as a result of discrepancy in amount of stolen goods if petitioner would be rated the same either way).

**D.  Ground Four - Commission's Consideration of Incomplete Files**

In ground four, the petitioner asserts that disciplinary reports used to increase his parole guideline range were eight to nine years old and lacked investigative and other reports that were utilized in making the disciplinary findings. The petitioner then asserts that the incomplete files

should not have been considered when calculating his parole guideline range.

The Commission's consideration of disciplinary infractions is governed by 28 C.F.R. § 2.80(d), which provides: "The Commission shall assess whether the prisoner has been found guilty of committing significant disciplinary infractions while under confinement for the current offense." The rule does not place a time limit on consideration of institutional behavior, nor does it necessarily contemplate the Commission reviewing investigative and other reports.

Moreover, the Commission is not responsible for insuring that the petitioner was provided the appropriate due process protection at those disciplinary hearings. If the petitioner believes he did not receive the appropriate due process protections at those hearings, he should have challenged those proceedings through the appropriate administrative and judicial means, not during a parole consideration hearing with the Commission.

Finally, the Commission's decision as to whether the petitioner's past institutional conduct should be considered in determining his parole eligibility, and more important, how much consideration those reports should be given, is a discretionary decision that this Court does not have the authority to review.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE** from the active docket of this court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States

District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 8, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE