**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**EYONE O. WILLIAMS,**

    **Petitioner,**

    v.                                                Civil Action No. 2:07 CV 72
                                                                          (Maxwell)

**JOYCE FRANCIS,**

    **Respondent.**

## ORDER

It will be recalled that on September 14, 2007, *pro se* Petitioner Eyone O. Williams, instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that the United States Parole Commission had improperly calculated his parole guideline range.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

By Order To Show Cause entered September 19, 2007, Magistrate Judge Kaull found that summary dismissal of the Petitioner's § 2241 Application was not warranted and provided the Respondent with thirty days in which to show cause why the writ should not be granted.

The Respondent's Response To Order To Show Cause was filed on November 8, 2007, and the Petitioner's Reply To Respondent's Response was filed on November 27, 2007.

On January 8, 2009, Magistrate Judge Kaull entered an Opinion/Report And

Recommendation wherein he recommended that the Petitioner's § 2241 Application be denied and dismissed with prejudice.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the parties with ten (10) days from the date of said Opinion/Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Kaull's Opinion/Report And Recommendation were due within ten days of being served with a copy of the same. The docket in the above-styled civil action reflects that the Petitioner received a copy of said Opinion/Report And Recommendation on January 9, 2009. The docket herein further reflects, however, that, to date, no objections to said Opinion/Report And Recommendation have been filed.

Upon consideration of Magistrate Judge Kaull's January 8, 2009, Opinion/Report and Recommendation, and having received no written objections thereto, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States

2

Magistrate Judge John S. Kaull on January 8, 2009, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED with prejudice**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit. The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** March   4  , 2009

                                                  **/S/ Robert E. Maxwell**
                                                  United States District Judge